# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SYLVESTER ROLLINS (#76405)** | **CIVIL ACTION** |
| **VERSUS** | |
| **LA. DEPARTMENT OF CORRECTIONS OFFICERS, ET AL.** | **NO. 14-0100-SDD-RLB** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 26, 2014.

                                                                            _____
                                                                            **RICHARD L. BOURGEOIS, JR.**
                                                                            **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SYLVESTER ROLLINS (#76405)**  CIVIL ACTION

**VERSUS**

**LA. DEPARTMENT OF CORRECTIONS**  NO. 14-0100-SDD-RLB
**OFFICERS, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc, former Secretary Richard Stalder, Parole Board Chairman Cheryl L. Ranatza, and former Parole Board Chairman Ronald Bonvillian, complaining that the defendants have violated his constitutional rights by failing to provide him with consideration for a parole release. He prays for declaratory and injunctive relief, seeking a determination that he is legally entitled to parole consideration.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no

arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

A review of the plaintiff's Complaint reveals that he is currently serving a life sentence, entered in October, 1973, on a charge of second degree murder. According to the plaintiff, he was sentenced under a then newly enacted state statute, La. R.S. 14:30.1, which provided that, "[w]hoever commits the crime of second degree murder shall be imprisoned at hard labor for life and shall not be eligible for parole, probation or suspension of sentence for a period of twenty years." The plaintiff complains that, pursuant to the terms of this statute, upon serving twenty years of confinement, he should have been considered by the Louisiana Parole Board for parole release. However, he was allegedly informed by the Parole Board in 1993, and again in December, 2013, that he would not be considered for parole because of another statutory provision, La. R.S. 15:574.4(B), which provides – and also provided at the time of his conviction and sentence – that:

> No prisoner serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years.

The plaintiff contends that these two statutes are inconsistent by their terms and that, accordingly, the passage of La. R.S. 14:30.1, which provided for parole eligibility after twenty

years, effectively repealed the limitation upon parole consideration for persons convicted of life sentences contained in La. R.S. 15:574.4(B), resulting in his immediate eligibility for parole consideration after having served 20 years of his sentence, notwithstanding the fact that his life sentence has not been commuted to a fixed number of years.

The plaintiff's claim fails as a matter of law because, in the Court's view, the two referenced statutes are not inconsistent and, accordingly, the enactment of La. R.S. 14:30.1 did not affect the validity of La. R.S. 15:574.4(B). In this regard, by its terms, La. R.S. 14:30.1 provided, at the time of the plaintiff's conviction, only that the plaintiff's mandatory sentence for the offense of second degree murder would be life imprisonment and that he would not be eligible for parole consideration for a period of 20 years. The statute, significantly, did not provide the converse that the plaintiff seeks to read into it, *i.e.,* that he necessarily **would be** eligible for parole consideration after the lapse of that period of time. Rather, the statute provided only that for the first 20 years of his sentence, he would not be so eligible. In contrast, but not in direct contradiction, the second statute, La. R.S. 15:574.4(B), which was also in effect at the time of the plaintiff's sentence and predated the passage of La. 14:30.1, provided that any person serving a "life sentence" in this state would not be eligible for parole consideration unless and until his sentence has been "commuted to a fixed term of years." These statutes have thus created a two-part parole eligibility system, such that a person like the plaintiff, who is serving a life sentence for second degree murder, in order to obtain parole consideration, must have **BOTH** served at least 20 years of his sentence **AND** obtained a commutation of his sentence to a fixed number of years. This two-part application of the parole eligibility procedure in Louisiana has been recognized by the courts of the State of Louisiana. *See Thomas v. State*, 2013 WL 6858311, *2 (La. App. 1st Cir. Dec. 27, 2013) (concluding that the two referenced statutes are not in conflict and that the plaintiff in that case was "*eligible* for parole, but he must obtain a

commutation of his sentence to a fixed number of years in accordance with La. R.S. 15:574.4 in order to be *considered* for parole" (emphasis in original)); *Lewis v. Louisiana State Penitentiary*, 2010 WL 1838802, *1 (La. App. 1st Cir. May 7, 2010) (same, noting that "[i]t is well established that parole eligibility and eligibility for parole consideration are distinct and different matters"); *Schouest v. Louisiana State Parole Board*, 2008 WL 5377800, *1 (La. App. 1st Cir. Dec. 23, 2008) (same, finding that La. R.S. 14:30.1, as enacted in 1973, does not conflict with La. R.S. 15:574.4, as enacted in 1968, because "[p]arole eligibility is determined by the sentence meted out upon conviction, which is different from eligibility for parole consideration, as regulated by R.S. 15:574.4"); *State v. Henderson*, 672 So.2d 1085, 1092 (La. App. 4th Cir.), *writ denied*, 680 So.2d 1996) (same, finding "no conflict" between the two statutes). In addition, the United States Court of Appeals for the Fifth Circuit has recognized the existence of this two-part parole eligibility procedure in Louisiana, and has not disapproved of same. *See James v. Cain*, 56 F.3d 662, 668-69 (5th Cir. 1995) (remanding a petitioner's habeas corpus claim for the purpose of evaluating the voluntariness of his guilty plea where he argued that, because of alleged inadequate advice of counsel, he had not understood, when agreeing to a life sentence, that "Louisiana's two-step parole procedure," and the interaction between the state's parole procedures and the commutation requirement, resulted in the fact that "he would not automatically become parole eligible after forty years [as the statute was then enacted], but that, instead, he must have his life sentence commuted to a term of years before becoming parole eligible").

Under a consistent application of the two referenced statutes, an inmate serving a mandatory life sentence for second degree murder under La. R.S. 14:30.1, as enacted at the time of the plaintiff's conviction, becomes eligible for parole after serving twenty years of his sentence (or at any time thereafter) but only becomes eligible for parole *consideration* by the

Parole Board after his sentence has been commuted by the Governor to a fixed term of years. Accordingly, inasmuch as these two statutes, La. R.S. 14:30.1 and La. R.S. 15:574.4(B), are not inconsistent as written, the enactment of the former did not nullify or invalidate the commutation requirement of the latter, and the plaintiff's claim is frivolous as a matter of law.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's Complaint be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on August 26, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]. The plaintiff is advised that 28 U.S.C. § 1915(g) specifically provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."